IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GILBERTO PEREZ | § | |
| v. | § | CIVIL ACTION NO. 6:12cv864 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Gilberto Perez, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Perez was convicted of murder, receiving a sentence of 15 years in prison. In his petition, he contended that the evidence was insufficient to support a conviction and that he received ineffective assistance of counsel at trial and on appeal. The Respondent was ordered to answer the petition and did so. Perez did not file a response to the answer.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be dismissed. Perez filed objections to the Report on May 16, 2013.

In his objections, Perez argues first that there was no evidence that he intentionally or knowingly caused the death of the deceased, Wesley Hawthorne, or that he intended to cause serious bodily injury and committed an act clearly dangerous to human life. The evidence at trial showed that Perez told his uncle Luis that he had been in a fight with Hawthorne and that Hawthorne was

lying in the road because Perez had "knocked him out." Perez admitted to striking Hawthorne as many as four times. An autopsy concluded that Hawthorne died from blunt force trauma which had caused blood to aspirate into his lungs; in addition, several of Hawthorne's teeth had been knocked out, his face was so swollen as to be almost unrecognizable, and there was significant blood spatter in and on the car as well as pools of blood in the road and the grass. Perez had no signs of injury except that his knuckles were bruised, swollen, and cut. When interviewed by the police, Perez gave several conflicting stories about the incident; at trial, he admitted to providing false accounts of what had happened but said that the police had misled him into believing that Hawthorne had survived the fight. However, the record showed that the police informed Perez several times that Hawthorne had died of his injuries.

The Magistrate Judge concluded that when the evidence is viewed in the light most favorable to the verdict, a rational jury could plainly have found Perez guilty of murder beyond a reasonable doubt. *See* Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998), *citing* Jackson v. Virginia, 443 U.S. 307, 324 (1979). Perez challenges this conclusion by arguing that Hawthorne's injuries were not the cause of death, and that Hawthorne could have survived his injuries except that he could not get rid of the blood in his mouth and nose. Perez contends that one expert witness testified that had Hawthorne been laying down facing the ground, he would have survived, and concludes from this that a rational jury could find beyond a reasonable doubt that Hawthorne had died because of the negligence of the police, apparently for failing to turn him over as he lay on the ground.[1]

Notwithstanding Perez's efforts to deflect blame, he has failed to show that when the evidence is viewed in the light most favorable to the verdict, a rational trier of fact could not have found him guilty beyond a reasonable doubt. The charge required that the jury find either that Perez knowingly or intentionally caused Hawthorne's death by striking him with his hands or fists, or that

---

[1] Perez's attorney, Alberto Charanza, asked the expert witness, Dr. Brown, if Hawthorne could have survived had he been laying on his stomach, and Dr. Brown replied "perhaps. I can't say definitively, but more than likely."

2

Perez committed an act clearly dangerous to human life which caused Hawthorne's death, with intent to cause serious bodily injury, by striking him with his hands or fists. The reason that Hawthorne was on the ground, unconscious and bleeding profusely, was because Perez beat him with his hands or fists to the extent of causing the injuries described. This objection is without merit.

Perez also argues that the evidence supported only a conviction for manslaughter, not murder. The Magistrate Judge observed that under Texas law, manslaughter requires that the perpetrator recklessly cause the death of an individual, and that a person acts "recklessly" if he is aware of but consciously disregards a substantial or unjustifiable risk that the circumstances exist or the result will occur. In this case, Perez did not argue that he had acted recklessly, nor does he point to any evidence in the record indicating that he was guilty only of the offense of manslaughter. His objection on this point is without merit.

Second, Perez complains that he received ineffective assistance of counsel on appeal when his appellate counsel failed to argue that the trial court had abused its discretion in denying him an instruction on deadly force self-defense. The Magistrate Judge observed that this claim had in fact been raised on appeal, but Perez does not mention this in his objections. This contention is without merit.

Third, Perez contends that his appellate attorney failed to argue that the trial court abused its discretion by admitting an unadjudicated extraneous offense into evidence in the punishment phase after trial counsel had objected. This unadjudicated offense was based on the testimony of a witness named Angie Hall; Perez says that this testimony was "unsupported by any evidence" because "the alleged extraneous offense never occurred."

Although Perez says that trial counsel objected to Hall's testimony, the record does not show that any such objection was made. Consequently, the Magistrate Judge concluded that Perez failed to show that appellate counsel could have raised a meritorious claim concerning this testimony on appeal; rather, the failure to object waived the right to present the claim on appeal. Thus, the Magistrate Judge stated that Perez had failed to show that had appellate counsel performed

differently, the result of the appeal would probably have been different. Perez's objections simply repeat his claim that trial counsel had objected to Hall's testimony, which is not supported by the record. This objection is without merit.

Fourth, Perez complains that trial counsel was ineffective for failing to object to Exhibit 46, the police video tape, on the ground that the prosecutor did not show the entire tape. He complains that the Magistrate Judge determined that because Perez's attorney had the opportunity to show his own edited version of the tape, the whole procedure was fair, but "two wrongs don't make a right."

Perez has not shown any valid basis upon which Charanza could have objected. He says that Charanza should have objected that the prosecutor was "suppressing" part of the video tape, but the record shows that the video tape was admitted into evidence in its entirety and that Charanza had the opportunity to play any part of the video tape he wanted the jury to see; in addition, the jury was allowed to take the entire video tape into the deliberation room. Perez did not show that he received ineffective assistance of counsel in this regard and his objection is without merit.

Fifth, Perez asserts that he received ineffective assistance of counsel because Charanza failed to "challenge any or all of the blood samples from the crime scene." He says that any competent attorney would have had the blood tested because Perez claimed that he was acting in self-defense, and that if any of the blood samples had belonged to Perez, this would have proven his self-defense claim to the jury.

The evidence showed that there was a considerable amount of blood at the scene, including spatter in the car and pools of blood in the road and the grass. Hawthorne had extensive injuries and Perez had only cuts and bruises on his knuckles, so a reasonable attorney would conclude that the vast majority of the blood came from Hawthorne. Perez fails to show that testing the blood at the scene in order to derive the obvious conclusion that it came from the murder victim would have served any useful purpose for the defense.

Even had some amount of blood been shown to have come from Perez, this also would have done little to aid the defense. It was not disputed that Perez sustained cuts and bruises to his

4

knuckles, which could have caused a small amount of blood to be left at the scene. Contrary to Perez's claim, the fact that an individual with cuts on his knuckles left blood at the scene of a crime does not prove self-defense; on the contrary, had Perez sought to make an issue of his injuries, the State would likely have argued that the cuts and bruises on his knuckles had been sustained while beating Hawthorne and thus were proof of guilt. Perez does not explain how his leaving blood at the scene would have showed that he was acting in self-defense, nor has he shown that Charanza's failure to seek testing on the blood at the scene amounted to ineffective assistance of counsel or that but for this failure, the result of the proceeding would probably have been different. This objection is without merit.

In his sixth objection, Perez argues that he received ineffective assistance because Charanza failed to seek instructions on lesser included offenses such as manslaughter, involuntary manslaughter, and criminally negligent homicide. He argues that the fact that Hawthorne died from drowning in his blood and that "the injuries were not the cause of death" were proof of recklessness and that there was no evidence of any intentional act to cause Hawthorne's death, thus justifying inclusion of an instruction on lesser included offenses.

This objection is without merit. The fact that Hawthorne died from blunt force trauma which caused blood to aspirate into his lungs, which he was unable to clear because he had been rendered unconscious, is not evidence that Perez acted recklessly rather than intentionally. Perez points to no evidence in the record tending to show that he is guilty only of manslaughter.

Voluntary manslaughter is no longer a separate offense under Texas law; instead, the law now provides that during the punishment phase of the trial, a defendant may argue that he caused the death while under the immediate influence of sudden passion arising from an adequate cause. Tex. Penal Code art. 19.02(a)(2); <u>McKinney v. State</u>, 179 S.W.3d 565, 569 (Tex.Crim.App. 2005). Before a defendant is allowed a jury instruction on sudden passion, he must prove that there was an adequate provocation, that a passion or an emotion such as fear, terror, anger, rage, or resentment existed, that the homicide occurred while the passion still existed and before there was reasonable

opportunity for the passion to cool, and that there was a causal connection between the provocation, the passion, and the homicide. If the jury finds sudden passion by a preponderance of the evidence, the offense level is reduced from a first-degree felony to a second-degree felony. McKinney, 179 S.W.3d at 569.

In this case, Perez points to no evidence in the record that he was acting under the immediate influence of sudden passion arising from an adequate cause. His testimony at trial does not show that he was entitled to an instruction on sudden passion, much less that the result of the proceeding would probably have been different had counsel requested one. This objection is without merit.

Finally, Perez argues that counsel was ineffective for failing to seek an instruction on criminally negligent homicide. However, this claim fails because the record shows that Charanza did seek such an instruction on that offense. Perez's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 14) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Gilberto Perez is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 12th day of June, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE